UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO.: 8:18-CR-94-T-36JSS

NAIME GARCIA-BURGOS
_____/

**SENTENCING MEMORANDUM**

**FACTUAL AND PROCEDURAL HISTORY**

On February 19, 2018, United States Coast Guard (USCG) cutter Diligence detected a go-fast vessel (GFV) on the high seas in the Eastern Pacific Ocean, approximately 200 nautical miles south of the Nicaragua and Costa Rica border. When the GFV detected the USCG, it went dead in the water, and the crew began to jettison bales of cocaine, electronics, and other items before getting back underway. The Diligence launched a small boat to the jettison field where the USCG located 11 bales wrapped in burlap sacks and tied with rope. A Drug Enforcement Administration laboratory report indicates the cocaine weighed **507.9 kilograms**. The USCG also located the passport of one of the crew members along with a variety of electronic devices. Another small boat launched by the Diligence intercepted the GFV and identified the following four crewmembers; ULISES CARLOS SALTOS-POSLIGUA (SALTOS-POSLIGUA), WALBERTO SANCHEZ-PORTOCARRERO (SANCHEZ-PORTOCARRERO), **NAIME ISAIAS GARCIA-BURGOS (GARCIA-BURGOS),** and CARLOS IVAN BONE-CHILA (BONE-CHILA). The master of the vessel, SALTOS-POSLIGUA, claimed

Ecuadorian nationality for the GFV. The Ecuadorian government could neither confirm nor deny the GFV's nationality. On board the GFV, the USCG boarding team found burlap sacks and rope matching those found on the bales in the jettison field. All four crewmembers were arrested, detained, and subsequently paroled into the United States for prosecution.

In a post-<u>Miranda</u> statement, **GARCIA-BURGOS** reported that he was offered a job in a drug smuggling operation and promised $3,000 for a down payment and $30,000 upon completion. **GARCIA-BURGOS** traveled to Manta, Ecuador, where he boarded a GFV that traveled for three hours with a hood over his head. When they reached the open sea, the hoods were taken off, and the boat was loaded. He was advised that the destination was Guatemala. **GARCIA-BURGOS** identified SALTOS-POSLIGUA as the captain of the vessel and SANCHEZ-PORTOCARRERO as the load guard. **GARCIA-BURGOS** stated that once they were detected by the USCG, all of the crew members jettisoned the bales and equipment. He estimated that there were ten bales of cocaine onboard the GFV.

## CURRENT GUIDELINE CALCULATIONS

The Pre-Sentence Investigation Report (PSIR) has been reviewed and there are no outstanding objections for the Court to resolve. The current guideline calculation is based upon a **total offense level of 33 and a criminal history category of I, the guideline imprisonment range is 135 to 168 months** with a required **minimum mandatory sentence of ten (10) years**. No motion for a downward

departure of his recommended sentence based upon substantial assistance has been filed by the government at this time and the Court cannot impose a sentence of less than the minimum mandatory ten (10) years; however, should such a motion be filed the Court would not be constrained by the minimum mandatory.

## **PERSONAL HISTORY**

**NAIME ISAIAS GARCIA-BURGOS** was born on February 17, 1977, in Ecuador, to JOSE SEFREDO GARCIA (age 59) and JULIETA BURGOS (deceased). The father worked as a fisherman and merchant before he became disabled (the father lost a leg and suffered a stroke). The mother died recently from complications with diabetes. **GARCIA-BURGOS** has six siblings; MANUEL ANDRES (age 47), RAMON (age 45), MARILU (age 38), MONCE (age 37), LILLIANA (age 35), and DANIEL (age 28). All of his siblings reside in Ecuador. **GARCIA-BURGOS** was raised by both parents in a loving but poor household. The father worked as a fisherman while his mother stayed home with the children. There were times when there was only enough food to eat one meal per day and the defendant left school at age 16 to begin working to help provide for the family. There were no types of neglect or abuse as a child. **GARCIA-BURGOS** has close relationships with his father and siblings and became the main provider and caretaker for his mother before she died. Her death was very hard on him.

**GARCIA-BURGOS** has been in a relationship with CARMEN MERO (age 34) for 18 years. They have three children together; JUNIOR ISAIAS

3

GARCIA-MERO (age 18), KELLY ESTEFANIA GARCIA-MERO (age 14), and VERONICA GARCIA-MERO (age 12). The children are healthy and attend school. There is not anyone there to help his girlfriend and children while he is incarcerated here. The family sometimes ask friends for money to buy food and are constantly asking when he is coming home.

Prior to his arrest, **GARCIA-BURGOS** resided in Jaramillo with his father, girlfriend, and children. The residence is a very small home with all working utilities; however, earthquakes have damaged the foundation, and the family is in need of a new home. **GARCIA-BURGOS** was paroled into the United States for prosecution of the instant offense. Upon completion of any term of imprisonment, he will be subject to deportation and removal to Ecuador.

## FINANCIAL CONDITION

**NAIME ISAIAS GARCIA-BURGOS** is a citizen of Ecuador; however, he is legally in this country for purposes of prosecution. He has been continuously incarcerated since his arrest. The defendant has court-appointed counsel and is in custody facing a significant term of imprisonment followed by deportation; therefore, the defendant does not appear to have the ability to pay a fine within the applicable guideline range.

## REQUEST FOR A VARIANCE FROM HIS ADVISORY GUIDELINE RANGE

In fashioning a sentence for **NAIME ISAIAS GARCIA-BURGOS,** this Court must take into account all of the factors designated in 18 U.S.C. 3553(a)(1)-(7). At this time, the minimum mandatory

4

sentence of **120 months imprisonment** is the least amount of time he can receive.  The government has agreed to recommend a low end guideline sentence in the plea agreement and the Defendant is asking for such a sentence.  Should a motion for downward departure based upon substantial assistance be filed and granted, the Defendant would request additional time off of his sentence.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished to TAYLOR G. STOUT, ASSISTANT UNITED STATES ATTORNEY, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602, by electronic delivery, this 6th day of July, 2018.

                                            */s/ Daniel L. Castillo*

                                    DANIEL L. CASTILLO, ESQUIRE, B.C.S.
                                    3900 North Boulevard
                                    Tampa, Florida 33603-4628
                                    (813) 228-0995
                                    Florida Bar Number 905402
                                    Email:   dlcastillo51@gmail.com
                                    Attorney for **NAIME ISAIAS GARCIA-BURGOS**
                                    07061801.4